QUESTION: May the parent of a minor male revoke his consent to the marriage of that minor prior to the actual marriage when it is learned that the female whom the minor male wishes to marry is pregnant?
SUMMARY: The parent of a minor male may revoke his consent to the marriage of that minor prior to the issuance of a marriage license. However, after the license has been issued, parental consent is not a precondition to solemnization of the marriage and therefore revocation of consent after the valid issuance of a license will not prevent solemnization. In answering this question, I would like to refer first to the relevant sections of the Florida Statutes. Section 741.04, F.S., provides that: No county court judge or clerk of the circuit court in this state shall issue a license for the marriage of any person, unless . . . both such parties shall be over the age of twenty-one years. If either of such parties shall be under the age of twenty-one years, such county court judge or clerk of the circuit court shall not issue a license for the marriage of such party unless there shall be first presented and filed with him the written consent of the parents or guardian of such minor to such marriage, acknowledged before some officer authorized by law to take acknowledgments and administer oaths. Section 741.058, F.S. (1974 Supp.), provides that, after issuance by the court court judge or clerk of the circuit court, marriage licenses shall be valid for a period of only 30 days. During this 30-day period vows may be exchanged and the marriage "solemnized" before any person authorized to solemnize matrimony. See s. 741.07, F.S. (1974 Supp.). "Before any of the persons named in s. 741.07 shall solemnize any marriage, he shall require of the parties a marriage license issued according to the requirements of s. 741.01 . . . ." Section741.08, F.S. (1974 Supp.). Therefore, consent of both parents is a precondition to the issuance of a marriage license for a minor in Florida. Such consent must be in writing and filed with the county court judge or clerk of the circuit court, and must also be acknowledged. Section 741.04, F.S. (1974 Supp.). In this regard, of course, it should be noted that the age of majority was changed in Florida in 1973 with enactment of Ch. 73-21, Laws of Florida, now appearing as s. 743.07, F.S., which provides that all disabilities of nonage are removed for all persons over 18 years of age and they shall enjoy the same rights, privileges, and obligations as persons 21 years of age or older except as otherwise excluded by the State Constitution. Since there is no constitutional requirement relating to the age of a person who wants to marry, I have previously expressed my opinion, in AGO 073-241, that the age requirement for obtaining a marriage license without parental consent is now 18 years. See similar effect on obtaining other types of license in AGO's 073-207 and 073-308. As previously noted, once a marriage license is issued it remains valid for 30 days, during which time the marriage may be solemnized. The only precondition for an authorized person to perform a marriage is a valid license issued according to s.741.01, F.S., which simply provides for the place of issuance and the fee thereof. Sections 741.058, 741.07, and 741.08, F.S. (1974 Supp.). Parental consent is, thus, necessary only for the issuance of the marriage license and not for the solemnization of the marriage. A parent of a minor child may withdraw his consent of the marriage of that child only prior to the issuance of the license since the mere presentation of a valid license is all that the statutes require for solemnization. I would like to point out further that s. 741.06, F.S., is relevant to the facts presented in this question since it provides that: The county court judge of any county in the state may, in the exercise of his discretion, issue a license to marry to any male or female under the age of twenty-one years, upon sworn application of both applicants under oath that they are the parents or expectant parents of a child. The consent of the parents or guardian of such applicants shall not be required for the issuance of a license to marry under the provisions of this section . . . . (Emphasis supplied.) Section 741.06, F.S., does allow a county court judge in his discretion to issue a marriage license to a minor when the minor is a parent or expectant parent even without parental consent.